Ryan Gile, Esq.
Nevada Bar No. 8807
*rgile@weidemiller.com*
F. Christopher Austin, Esq.
Nevada Bar No. 6559
*caustin@weidemiller.com*
**WEIDE & MILLER, LTD.**
7251 W. Lake Mead Blvd., Suite 530
Las Vegas, NV 89128
Tel. (702) 382-4804
Fax (702) 382-4805

Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| THE HACKETT MILLER COMPANY, INC., a Nevada corporation,<br><br>Plaintiff,<br><br>vs.<br><br>GFOUR PRODUCTIONS, LLC, a Florida limited liability company; and SPOTLIGHT RIGHTS, LLC, a Florida limited liability company,<br><br>Defendants. | Case No.:  **2:16-cv-418**<br><br><br>**PLAINTIFF'S COMPLAINT FOR DECLARATORY JUDGMENT**<br><br><br><br>**JURY DEMAND** |

Plaintiff The Hackett Miller Company, Inc. ("Plaintiff"), by and through its attorneys, Weide

& Miller, Ltd., hereby files this complaint for declaratory judgment of non-infringement of

trademark, trade dress and copyright and alleges as follows:

### JURISDICTION AND VENUE

1.     This is an action for declaratory judgment arising under (i) the United States

Copyright Act of 1976, 17 U.S.C. § 101 et seq. (the "Copyright Act"); (ii) the Trademark Laws of

the United States, 15 USC § 1051 et seq. (the "Trademark Act"); and (iv) 28 U.S.C. §§ 2201 and

WEIDE & MILLER, LTD.
7251 W. LAKE MEAD BLVD.,
SUITE 530
LAS VEGAS,
NEVADA 89128-8373
(702) 382-4804

RRG-w-3867                                    1

2202 (the "Declaratory Judgment Act"). Thus, this Court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338.

2.      This Court has personal jurisdiction over both Defendants because, as advertised on the Defendants' own website[1], Defendants have systematically and continuously availed themselves of the privilege of doing business in this Judicial District to exploit the copyrights and trademarks currently asserted against Plaintiff, and Defendants therefore have sufficient contacts with this Judicial District, both generally and specifically, in connection with the facts alleged in this Complaint.

3.      Venue is proper in this Judicial District pursuant to 28 U.S.C. §§ 1391(b) and 1391(c).

## THE PARTIES

4.      Plaintiff The Hackett Miller Company, Inc. ("Plaintiff" or "Hackett Miller") is a corporation organized and existing under the laws of the state of Nevada, having its principal place of business at 183 Ventura  Blvd. 4000 Tarzana, California 91356.

5.      On information and belief, Defendant GFour Productions, LLC is a limited liability company organized and existing under the laws of the state of Florida.

6.      On information and belief, Defendant Spotlight Rights, LLC is a limited liability company organized and existing under the laws of the state of Florida.

## FACTUAL BACKGROUND

7.      Hackett Miller is an entertainment production company which produces live theater, stage and musical productions, and is owned and operated by Sandy Hackett ("Hackett") and Lisa Dawn Miller ("Miller").

8.      Hackett is the son of the famous comedian, Buddy Hackett, and an accomplished comedian and stage performer in his own right.

9.      Hackett has created and produced several live stage shows in which he has also performed and these shows have been performed in Las Vegas, Nevada as well as other venues

---

[1]*See* http://www.menopausethemusical.com/tickets/3 ("Menopause The Musical® has delighted Las Vegas audiences for nine years. Now with 3,625 performances under its belt, the show from award-winning GFour Productions debuts in the heart of the city inside The Improv at Harrah's Las Vegas.")

WEIDE & MILLER, LTD.
7251 W. LAKE MEAD BLVD.,
SUITE 530
LAS VEGAS,
NEVADA 89128-8373
(702) 382-4804

RRG-w-3867                                        2

across the country.

10. Miller is the daughter of the famous Grammy award winning songwriter, Ron Miller, and an accomplished singer/songwriter and stage performer in her own right as well as a producer of films and music videos.

11. Miller and Hackett, through their production company, decided to create a live musical production with both comedic and dramatic elements which is centered around the problems faced by aging men.

12. Plaintiff chose the name <u>Mandropause</u> for this musical production (the "Mandropause Production") as it reflected a distinctive twist on the medical term "andropause" used by the medical community to describe the physical and mental changes that men experience as they age due to lower levels of male androgen (testosterone) in their bodies.

13. The songs for the Mandropause Production are all original compositions – some composed by Miller; some composed by Ron Miller; and some composed by Ms. Miller's mother, Aurora Miller.

14. The title logo for the Mandropause Production contains a cartoon mirror and male figure as part of the letter "O" as well as the letter "M" in blue being slightly offset from the "ANDROPAUSE" portion of the mark which is in green. Underneath in considerably smaller print relative to the dominant portion of the logo are the phrases "Outside of that, you're doing fine!" and "A Musical Comedy for the Ages."



15. Hackett Miller has a website for the Mandropause Production, www.mandropause.com, and has filed a trademark application with the U.S. Patent and Trademark Office for the aforementioned logo.

WEIDE & MILLER, LTD.
7251 W. LAKE MEAD BLVD.,
SUITE 530
LAS VEGAS,
NEVADA 89128-8373
(702) 382-4804

RRG-w-3867                                        3

16.     On information and belief, Defendants produce the live comedy musical show titled <u>Menopause The Musical</u> which has been presented at various venues worldwide, including venues in Nevada.

## DEFENDANTS' ACTIONS GIVING RISE TO AN ACTUAL CONTROVERSY

17.     In a letter dated February 2, 2016, sent by counsel for the Defendants to Plaintiff, Mr. Hackett, and Ms. Miller, Defendants allege that Plaintiff's Mandropause Production willfully infringes on Defendants' trademark, trade dress rights, and copyright, that Plaintiff is indulging in unfair competition, and that Defendants are entitled to preliminary and permanent injunctive relief relative to Plaintiff's Mandropause Production. *See* Exhibit 1 attached to this Complaint and incorporated herein by reference ("Defendants' Cease and Desist Letter").

18.     Defendants' Cease and Desist Letter includes demands that Plaintiff cease all use of the name MANDROPAUSE as well as completely stop production and promotion of the Mandropause Production, among other demands.

19.     In Defendants' Cease and Desist Letter, Defendants assert that they own the rights to the show <u>Menopause The Musical</u>.  According to the Defendants' Cease and Desist Letter, <u>Menopause The Musical</u> is a comedy musical production featuring women discussing the problems associated with going through menopause.

20.     Defendants allege in Defendants' Cease and Desist Letter that "the subject matter, style, and structure appears to be based on our . . . production."  Defendants claim that by creating a musical show featuring men discussing the problems associated with aging, Plaintiff is infringing on Defendants' copyright rights.

21.     However, there is no substantial similarity between the two productions with respect to any original expression that can be protected under the Copyright Act.  All of the dialogue and stage production is completely original and authored by Sandy Hackett and Lisa Dawn Miller.  The MANDROPAUSE Production is both comedic and dramatic, featuring several serious moments as well as some ballads throughout the show.  The show features five actors portraying 19 characters along with multiple stage sets for staging multiple locations for the live action.  Finally, as referenced above, the MANDROPAUSE Production features original music compositions.

Weide & Miller, Ltd.
7251 W. Lake Mead Blvd.,
Suite 530
Las Vegas,
Nevada 89128-8373
(702) 382-4804

RRG-w-3867                                              4

22.     Defendants further claim that Plaintiff has deliberately created its distinctive logo for the Mandropause Production to be visually similar to the Defendants' <u>Menopause The Musical</u> logo (pictured below) to trade off on Defendants' alleged goodwill and create consumer confusion.



23.     Plaintiff's use of the MANDROPAUSE name and logo is not likely to cause confusion with Defendants' trademark rights.  The names are different visually, aurally, and in their overall commercial impression.  Moreover, a visual comparison of the logos shows that they are very dissimilar – each using different fonts, different colors, different words, different stylizations and different images.  The only minor similarity between the marks that Defendants could point to in their letter is the slight slant of the main title – an insignificant similarity in light of the distinctive dissimilarities between the two logos and one that is far from the degree of similarity required of Defendants to prove trademark infringement.

24.     There presently exists a justiciable controversy regarding the Plaintiff's right to present their original live stage production and to use their original trademark free of any allegations by Defendants that such conduct constitutes an infringement of any copyright, trademark or trade dress rights allegedly owned by Defendants.

**FIRST CLAIM FOR RELIEF**
**(Non-Infringement of Copyright)**

25.     This is a declaratory judgment action under the Copyright Act and the Declaratory Judgment Act. As an actual justiciable controversy exists by way of the credible threat of immediate litigation and demand to cease and desist production of Plaintiff's MANDROPAUSE Production and all the associated promotion and advertisement, Plaintiff seeks relief from this Court.

26.     Plaintiff is entitled to declaratory judgment that it is not infringing, has not infringed, and is not liable for infringing any valid copyright owned by Defendants with respect to their stage

WEIDE & MILLER, LTD.
7251 W. LAKE MEAD BLVD.,
SUITE 530
LAS VEGAS,
NEVADA 89128-8373
(702) 382-4804

RRG-w-3867                                    5

show.

## SECOND CLAIM FOR RELIEF
### (Non-Infringement of Trademarks and Trade Dress)

27.     This is a declaratory judgment action under the Lanham Act and the Declaratory Judgment Act. As an actual justiciable controversy exists by way of the credible threat of immediate litigation and demand to cease and desist production of Plaintiff's MANDROPAUSE Production and all the associated promotion and advertisement, Plaintiff seeks relief from this Court.

28.     Plaintiff is entitled to declaratory judgment that it is not infringing, has not infringed, and is not liable for infringing any valid trademark or trade dress owned by Defendants relating to their stage show.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

WEIDE & MILLER, LTD.
7251 W. LAKE MEAD BLVD.,
SUITE 530
LAS VEGAS,
NEVADA 89128-8373
(702) 382-4804

RRG-w-3867                                                    6

**REQUEST FOR RELIEF**

WHEREFORE, Plaintiff seeks judgment awarding it the following relief:

(a)    An order declaring that Plaintiff's Mandropause Production does not infringe any valid copyright rights owned by Defendants;

(b)    An order declaring that Plaintiff has not infringed any valid, distinctive and enforceable trademark or trade dress rights owned by Defendants;

(c)    An order awarding attorneys' fees, costs, and expenses incurred in connection with this action to Plaintiff; and

(d)    An order awarding such other and further relief as this Court deems just and proper.

**JURY TRIAL DEMANDED**

Plaintiff hereby demands a trial by jury on all issues raised in the Complaint so triable.

DATED this 29th day of February, 2016.

Respectfully Submitted,

**WEIDE & MILLER, LTD.**

/s/ Ryan Gile
Ryan Gile, Esq.
F. Christopher Austin, Esq.
7251 W. Lake Mead Blvd., Suite 530
Las Vegas, NV 89128

Attorneys for The Hackett Miller Company, Inc.